IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                              No.  05-40017-01-SAC

EBRIMA TUNKARA,

           Defendant.

MEMORANDUM AND ORDER

In anticipation of the trial of this case scheduled to commence the afternoon of August 10, 2005, the defendant has filed a number of motions: Motion to Strike Government's 21 U.S.C. §  851 Sentencing Information (Dk. 43); Motion in Limine Regarding Immigration Status (Dk. 44); Motion to Strike Government's Expert Notice (Dk. 46); Motion in Limine Regarding Civil Forfeiture (Dk. 47); and Motion in Limine Regarding Prior Conviction (Dk. 48). The government discussed the defendant's first two motions at the status conference on August 3, 2005, and has filed a written response opposing the defendant's last three motions (Dk. 49).  The court rules as follows on these pending matters.

**MOTION TO STRIKE GOVERNMENT'S 21 U.S.C. §  851 SENTENCING INFORMATION (Dk. 43).**

The defendant argues that the government's § 851 notice (Dk. 41) is insufficient to advise the defendant of the conviction at issue.  The defendant further contends that a record search for any prior conviction consistent with the date and location provided in the § 851 notice has revealed only a misdemeanor conviction for simple possession of marijuana.  The government has not filed a response opposing this motion.  In its response to the defendant's *in limine* motion regarding this conviction, the government essentially concedes the defendant's prior conviction is a misdemeanor.  The court grants the defendant's motion to strike the government's notice for its failure to disclose a prior felony drug conviction.

## MOTION TO STRIKE GOVERNMENT'S EXPERT NOTICE (DK. 46)

The government filed its notice of expert testimony pursuant to Fed. R. Crim. P.  16(a)(1)(G).  (Dk. 39).  Over the span of its nine pages, the notice discloses generic testimony that any law enforcement officer might offer in almost any case involving drug trafficking charges.  The defendant moves to strike the notice and to prohibit the government from introducing any expert testimony except for what is the subject of the parties' stipulation regarding the laboratory reports on the seized controlled substance.  The defendant complains that the government's filing does not notify the defendant of what expert testimony the government

2

intends to offer in this particular drug trafficking case.  The defendant observes that the Rule 16 notice refers to computers, weapons, crack cocaine, glassware, search warrants, drug records, aerial photos, trophy photos, cutting agents and hypodermic needles, none of which have any connection to the facts of this case. The defendant protests length is no substitute for substance and that the government's notice leaves him in the dark as to the substance of expert testimony to be offered in *this* trial.

In response, the government criticizes the motion practice frequently accompanying Rule 16 disclosures and explains that his practice has resulted in the kind of Rule 16 notice provided in this case which admittedly "contain[s] many items that would not be necessary in a system informed by common-sense."  (Dk. 49, p. 7).  The government believes the notice satisfies the rule if defense counsel reads it mindful of the facts in this case and without regard for the matters obviously unrelated to this case.  The government then makes an effort at pages eight and nine of its response to narrow its notice by highlighting the expert testimony that it expects to offer from the two highway patrol troopers.

Rule 16(a)(1)(G) mandates that the government provide a written summary of any expert witness testimony, including: (1) the witness's opinions; (2) the bases and reasons for the opinions; and (3) the expert's qualifications. The

3

government's written notice bespeaks of a boilerplate disclosure for drug trafficking cases, as it comprehensively identifies the possible expert opinions from law enforcement officers that could be or are likely to be offered in drug trafficking cases.  What it offers in assurance to the government by its obvious breadth, the written notice frustrates for the defendant in its lack of case-specific information. *United States v. Edgerton*, 2004 WL 2413553, at *4 (D. Kan. 2004). As written, Rule 16 certainly contemplates a disclosure that informs the defendant of whom the expert witnesses will be, what are their qualifications, what opinions are expected in good faith to be the subject of testimony, and the bases and reasons for those opinions.  The government's written notice alone does not comply with Rule 16.

The government response, however, cured the deficiencies with its notice by outlining the expected expert testimony to be offered in this case.  When read in conjunction with the government's response, the notice complies with the letter and spirit of Rule 16.  The defendant's motion to strike is denied.

## MOTION IN LIMINE STANDARDS

A creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence, the motion in limine gives a court the chance " 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'"

4

*Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (quoting *Banque*

*Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400,

1401 (D.Md.1987)); see also *see United States v. Cline*, 188 F. Supp. 2d 1287,

1291-1292 (D. Kan. 2002).  Though such rulings can work a savings in time, cost,

effort and preparation, a court is almost always better situated during the actual trial

to assess the value and utility of evidence.  Thus, the *in limine* exclusion of

evidence should be reserved for those instances when the evidence plainly is

"inadmissible on all potential grounds."  *Townsend v. Benya*, 287 F. Supp. 2d 868,

872 (N.D. Ill. 2003).  The better judicial practice is to defer rulings on relevancy and

unfair prejudice objections until trial when the factual context is developed.  *See*

*Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert.*

*denied*, 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 303 (1975); *Hunter v. Blair*, 120

F.R.D. 667 (S.D. Ohio 1987); *see, e.g.*, *United States v. Lawless*, 153 F.3d 729,

1998 WL 438662, at *4 (10th Cir. July 15, 1998) ("The admissibility of Rule 404(b)

evidence will generally be a fact-bound determination, depending to a significant

degree on the character of the other evidence admitted at trial, all of which requires

a balancing of probative value versus unfair prejudice at trial." (citations omitted)*),*

*cert. denied*, 525 U.S. 1027 (Nov. 30, 1998).

        A trial court may alter its limine ruling based on developments at trial

or on its own sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).  Some in limine rulings, like those involving Rule 403, "are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir.1996) (citing *United States v. Mejia-Alarcon*, 995 F.2d 982, 987 n. 2 (10th Cir.), *cert. denied*, 510 U.S. 927, 114 S.Ct. 334, 126 L.Ed.2d 279 (1993)).  "A district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d at 1152 (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir.1995)).

## MOTION IN LIMINE REGARDING IMMIGRATION STATUS (Dk. 44).

The defendant seeks to exclude any evidence or reference to his non-citizenship or the lawfulness of his immigration status.  The government filed no response to this motion.  At the status conference, the government announced that though evidence of the defendant being an African national is unavoidable in this case, the government had no intention to mention or prove the defendant's immigration or citizenship status in the United States.  The defendant concurred with the government's representation.  The court believes the defendant's motion is moot in light of the government's representation and the parties' agreement on this issue.

6

**MOTION IN LIMINE REGARDING CIVIL FORFEITURE (Dk. 47).**

The defendant seeks to exclude evidence that on February 2, 2002, law enforcement officers with Maryland State Police seized $212,757.35 from the defendant after a drug detection dog alerted on the money.  In its Rule 404(b) notice, the government asserts this "seizure of the drug money in Maryland goes to establish that defendant is in the business of acquiring large amounts of marijuana for resale."  (Dk. 40, p. 2).  The defendant argues the evidence is irrelevant, unfairly prejudicial, and fails to meet the requirements of Rule 404(b).  The defendant contends that there is nothing unlawful for a person to transport a large amount of cash, that the drug detection dog's alert is negligible evidence which does not provide the relevancy nexus, that the seizure is too factually unrelated to be probative, and that the evidence of the seizure would require additional litigation over the money and the dog alert and would implicate concerns for confusion, delay-causing mini-trials, and prejudice.  Finally, the defendant insists the government has not identified a proper 404(b) for offering this evidence.

The government responds that courts have admitted evidence of unexplained large amounts of currency as proof of narcotics trafficking. That the drug dog alerted to the money strengthens the evidentiary connection between the money and drug trafficking.  The government believes this evidence is particularly

7

probative of knowledge and intent based on the defendant's apparent assertion that he was an unwitting passenger on a bus transporting nearly one thousand pounds of marijuana.

Though inadmissible to prove a defendant's character and the inference that the defendant acted consistent with that character, evidence of other crimes, wrongs, or acts may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).  As instructed by the Supreme Court in *United States v. Huddleston*, 485 U.S. 681, 691-92 (1988), a court applies a four-part test to determine admissibility under 404(b):

> (1) the evidence was offered for a proper purposes under Fed. R. Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted.

*United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997).  The government must precisely articulate a proper purpose for the evidence, and the trial court must specifically identify the proper purpose for which it is admitted. *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985), *cert. denied*, 474 U.S. 1081 (1986).

8

The government argues the contested evidence is probative of knowledge and intent to distribute.  Knowledge is at issue when a defendant denies participation in and awareness of a criminal act.  "The admissibility of prior acts evidence to prove knowledge is based on the inference that a defendant is likely to have gained the requisite criminal knowledge after repeated instances of conduct." *United States v. Delay*, 2004 WL 433808, at *2 (D. Kan. Feb. 6, 2004) (citing 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 404.22[2] (2d ed. 2003)).  Rule 404(b) permits the introduction of other crimes to demonstrate a defendant's "intent to commit a crime by demonstrating a common scheme or plan." *United States v. Roberts*, 185 F.3d 1125, 1141 (10th Cir. 1999), *cert. denied*, 529 U.S. 1108 (2000). The first factor of the *Huddleston* analysis is met.

With regard to relevance, the second *Huddleston* factor, the Tenth Circuit has observed that items like large sums of cash are sufficiently probative in drug distribution cases as to be admissible under Rule 403.  *United States v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991).  "[L]arge-scale cash transactions" are prevalent in the drug distribution business.  *Id*.  "In upholding the admission of evidence of the possession or expenditure of large sums of cash, some courts have characterized drug distribution offenses as crimes where 'pecuniary gain is the

ususal motive for or natural result of' their perpetration." *Id*. at 1083 n. 7 (citations omitted).  "Accordingly, evidence of a defendant's association with sizeable amounts of cash may be probative of his or her involvement in that business, and thus bear on the question of defendant's guilt of the charged drug distribution offenses."  *Id.* at 1085 (citation omitted); *see United States v. Kiister*, 208 F.3d 227, 2000 WL 228304, at *8 (10th Cir. 2000) ("unexplained wealth was admissible under 404(b) to rebut Kiister's claim that he was ignorant of the contents of the package he possessed and that he had no motivation to buy or to sell drugs."); *United States v. Hardwell*, 80 F.3d 1471, 1490 (10th Cir. 1996) ("an individual's possession of large amounts of cash tends to show involvement in drug distribution because it is among the tools of the trade of drug traffickers."); *United States v. Ramirez*, 63 F.3d 937, 943 (10th Cir. 1995) (prior arrest for drug trafficking while possessing drugs and cash is probative of knowledge and intent).  Of course, the probative value of large quantities of cash will depend on whether other circumstantial evidence links the cash to drug trafficking activities and ties the defendant to those activities. *See Martinez*, 938 F.3d at 1085-86.   The court is satisfied that as proof of the defendant's knowledge and intent there is some probative value from his prior multi-state transportation of cash totaling $212,757.35 to which a drug detection dog had alerted.  *See United States v.*

10

*Hardwell*, 80 F.3d at 1490 (404(b) evidence that the defendant possessed $40,000 in cash at an airport was admissible when a dog had alerted to the money but no other drugs were found with the money).

At the third stage, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Evidence is unfairly prejudicial not because it is merely damaging to a party's case, but because it will have an "'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Martinez*, 938 F.2d at 1082 (quoting Fed. R. Evid. 403 advisory committee's note). As noted above, evidence of large sums of cash, if sufficiently probative in a drug trafficking case, may be admissible under Fed. R. Evid. 403. *Martinez*, 938 F.2d at 1085. "The possibility that the seized cash was the product of entirely lawful activities goes to the weight of the evidence, not its admissibility." *Martinez*, 938 F.2d at 1085 (citation omitted).

The probative value of the seized money here depends on the inferences to be drawn from the amount of the cash, the location and timing of the seizure, and the dog alert. The lack of other circumstantial evidence severely undermines the inferences of criminal activity to be drawn from this seizure. Specifically, the government has not articulated evidence that substantially links the

11

cash to any participation by the defendant in prior marijuana trafficking activities or that links any unlawful activities to be inferred from the defendant's possession of the cash to the defendant's knowledge and participation in the marijuana distribution offense charged here.  Important to the court's ruling is that the defendant is charged with a single count of possession of marijuana with the intent to distribute it.  This is not a conspiracy case in which the seizure of cash and the dog alert occurred within a series of related events close in time.  *See United States v. Hardwell*, 80 F.3d at 1488, 1490.  The government points to the canine's alert to the money as the only circumstantial evidence that links the cash to drug trafficking. The government, however, does not explain how the alert makes it more probable that the cash was involved with the prior trafficking of marijuana and not some other controlled substance or that the cash was necessarily involved in a large-scale drug trafficking transaction as opposed to some other unlawful or lawful activity. Because more than three years separate the seizure of the cash and the offense in question, any inferences of marijuana trafficking being connected to this particular sum of cash are strained.  In short, the absence of other circumstantial evidence to sustain an inference that the cash was involved with the trafficking of marijuana so weakens the probative value of this evidence that it is substantially outweighed by the unfair prejudice of this evidence being used as bad character evidence, *see*

*United States v. Martinez*, 938 F.2d at 1085-86, and by the undue delay caused by

re-litigating the forfeiture case and exploring the significance of a canine's alert to

money.  Thus, the court grants the defendant's motion to exclude this evidence of

the seized cash on the basis of Fed. R. Evid. 403.

**MOTION IN LIMINE REGARDING PRIOR CONVICTION (Dk. 48).**

The defendant seeks to exclude evidence of his prior conviction for

possession of marijuana in DeKalb County, Georgia.  Based on the defendant's

apparent denial that he was unaware of the nearly 500 kilograms of marijuana stored

along the aisle of the bus, the government intends to offer this conviction to show

intent, knowledge, and absence of mistake or accident.  Specifically, government

believes this evidence will help establish the defendant's knowledge of marijuana

itself and its odor and further prove the defendant knew the boxes and suitcases on

the bus contained marijuana.  The defendant argues the prior conviction concerned

an event occurring in 1998 and, thus, is too old to have any real relevance in this

case.  The defendant contests the relevance of a simple possession conviction in

proving knowledge in a distribution case when the events are factually dissimilar

and temporally remote.

Evidence of prior drug involvement is relevant when it relates to a

matter that is at issue in the case.  *United States v. Hardwell*, 80 F.3d at 1489.  The

13

general rule in this circuit is "'prior narcotics involvement is relevant when that

conduct is close in time, highly probative, and similar to the activity with which the

defendant is charged.'" *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir.

2000) (quoting *United States v. Wilson*, 107 F.3d 774, 785 (10th Cir. 1997)), *cert.*

*denied*, 532 U.S. 1000 (2001).  Indeed, "the probative value of evidence of a prior

illegal act depends upon the temporal proximity between the prior and charged

acts." *United States v. Massey*, 48 F.3d 1560, 1571 (10th Cir.), *cert. denied*, 515

U.S. 1167 (1995).  The Tenth Circuit has "no absolute rule regarding the number of

years that can separate offenses," but the time must be reasonable under the facts

and circumstances of the case.  *Id*. at 1571-72 (quotation omitted).

        The government offers that the prior conviction involves the

defendant's actual possession of raw marijuana.  A defendant's prior possession

of marijuana is relevant evidence in proving that the defendant knows the smell of

marijuana and that any such odor in the passenger van should have alerted him to

the presence of marijuana.  When a  prior act is offered to show knowledge it "need

not be similar to the charged act as long as the prior act was one which would tend

to make the existence of the defendant's knowledge more probable than it would be

without the evidence." *United States v. Santa-Cruz*, 48 F.3d 1118, 1119 (9th

Cir.1995) (internal quotation omitted).  The defendant's prior handling and

14

exposure to raw marijuana's odor is enough similarity because it makes the

defendant's knowledge that the boxes and suitcases contained marijuana more

probable than not.

      The defendant argues that a span of nearly seven years between the

prior events resulting in the state conviction and the federal offense is too long.

Indeed, the Tenth Circuit has held that "[f]our to six years transcends our

conception of 'close in time' as established in *Wilson*, 107 F.3d at 785." *United*

*States v. Becker*, 230 F.3d at 1232 (other citations omitted).  By the same token,

"there is no absolute rule regarding the time that can separate a prior act from the

charged offense." *United States v. Olivo*, 80 F.3d 1466, 1468 (10th Cir. 1996)

(citing *United States v. Cuch*, 842 F.2d 1173, 1178 (10th Cir. 1988).  The

necessary closeness in time is a matter committed to the trial court's discretion and

resolved on a case-specific inquiry.  *Id*. at 1469.  The Tenth Circuit has affirmed

the admissibility of prior bad acts occurring more than a decade prior to the

offense in question.  *United States v. Wacker*, 72 F.3d 1453, 1468 -1469 (10th Cir.

1995).

      The age of the possession conviction and the lack of similarity to the

case in question precludes its admissibility to prove intent, but the court believes

the government may be able to establish its probative value at trial for purposes of

proving knowledge and the absence of mistake or accident.  In denying knowledge that nearly 1,000 pounds of marijuana was packaged in boxes and suitcases placed around the passenger van, the government's proof of this element is central to the prosecution.  As discussed above, the odor of marijuana is some evidence of knowledge, particularly when one should be able to recognize the odor by reason of prior extended exposure to the odor from having possessed it on a prior occasion.  Neither the case law nor the record indicates that the probative value of having gained knowledge about the smell of raw marijuana is lost when nearly seven years has passed.  The court, however, will delay its ruling until trial when it has a better understanding of the evidence concerning the packaging of the marijuana, the number of packages, and the presence of any emanating odor in the passenger van. The court directs the government and its witnesses not to mention before the jury this prior conviction or the conduct underlying it without government's counsel first approaching the bench and proffering its relevance and admissibility under Rules 404(b) and 403.

IT IS THEREFORE ORDERED that the defendant's Motion to Strike Government's 21 U.S.C. §  851 Sentencing Information (Dk. 43) is granted;

IT IS FURTHER ORDERED that the defendant's Motion to Strike Government's Expert Notice (Dk. 46) is denied;

16

IT IS FURTHER ORDERED that the defendant's Motion in Limine Regarding Immigration Status (Dk. 44) is denied as moot;

IT IS FURTHER ORDERED that the defendant's Motion in Limine Regarding Civil Forfeiture (Dk. 47) is granted;

IT IS FURTHER ORDERED that the defendant's Motion in Limine Regarding Prior Conviction (Dk. 48) is taken under advisement.

Dated this 9th day of August, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

17