IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

  Vs.         No.  05-40017-01-SAC

EBRIMA TUNKARA,

    Defendant.

MEMORANDUM AND ORDER

   The case comes before the court on the defendant's motion in limine filed August 8, 2005.  (Dk. 51).  From the government's marked exhibits, the defendant seeks to exclude receipts from motels and convenience stores for lack of foundation and as inadmissible hearsay.  The defendant explains that the receipts were found in the passenger van, that his name appears on none of the receipts, and that the name of his co-defendant appears on some of the receipts.  The receipts are dated close in time to the charged offense and purportedly come from places located in various parts of the United States.  The defendant contends the receipts are being offered to prove the truth of the matter asserted on them, that is, the co-defendant stayed at that motel or purchased an item from that store on the date

stated on the receipt.

In its written response, the government identifies its exhibits 4-9 and 11 as the subject of the defendant's motion.  (Dk. 52).  The government says it will not offer the receipts to prove the truth of the matters appearing on them, specifically that the defendants paid for rooms in certain motels or purchased the items appearing on the receipts.  The government intends to offer the receipts only to link the defendants to the locations appearing on the receipts during the period immediately preceding their arrest.  Thus, the probative value of the receipts does not depend on the truth of the matters appearing on them but rather depends on the link between the receipts having originated from certain locations and the receipts being found in the same vehicle operated and occupied by the defendants. Alternatively, the government contends that the receipts, even if hearsay, are admissible as adoptive admissions because they were found in the passenger van occupied by the defendants.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." *United States v. Alahmad*, 211 F.3d 538, 542 (10th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).  "Under Fed. R. Evid. 802, hearsay evidence that does not meet an exclusion or exception is generally inadmissable at trial."  *Id*.

2

These receipts are hearsay if offered to prove the truth of matters appearing on them, namely that the co-defendant checked into motels on the dates recorded and paid for the rooms with cash or purchased the items listed on the receipts on the dates recorded.  *See United States v. Moreno*, 94 F.3d 1453, 1454-55 (10th Cir. 1996); *see, e.g., United States v. Jefferson*, 925 F.2d 1242, 1252 (10th Cir.) ("a receipt introduced as evidence of payment for a good or service constitutes hearsay"), *cert. denied*, 502 U.S. 884 (1991).  Rule 801(d)(2)(B) defines hearsay to exclude a statement offered against a party who "has manifested an adoption or belief in its [the statement's] truth."  The Tenth Circuit has rejected the rule of mere possession constituting an adoption of a receipt's contents.  *United States v. Jefferson*, 925 F.2d at 1253 n. 13.  The Tenth Circuit recently adopted the "'possession plus' standard articulated by the First and Ninth Circuits, . . . [and] admit evidence pursuant to 801(d)(2)(B) in cases . . . where 'the surrounding circumstances tie the possessor and the document together in some meaningful way.'"  *United States v. Pulido-Jacobo*, 377 F.3d 1124, 1131-32 (10th Cir.) (defendant carried receipt in his wallet for over two months after the purchase and the items described on the receipt were found to match actual items), *cert. denied*, 125 S. Ct. 679 (2004).  The government here has not come forth with evidence of other circumstances that would satisfy this possession plus standard for an

3

adoptive admission.

The court has reviewed the receipts and finds numerous inadmissible hearsay statements on them.  The most effective way of preventing the jury from considering these different statements is simply excluding the actual receipts as hearsay.  Assuming a foundation of relevancy is laid, the government may be entitled to offer testimony about the receipts for the purpose of linking the defendants to certain locations by date.  In *United States v. McIntyre*, 997 F.2d 687, 702-03 (10th Cir. 1993), *cert. denied*, 510 U.S. 1063 (1994), the admissibility of such testimony was discussed:

> The court, however, did allow the police officer who found the documents to testify concerning the names and addresses contained in the documents and where the documents were found.  The court reasoned that testimony regarding the documents and where they were found, if offered to link the defendants together and to certain locations, did not pose hearsay problems because it was not offered for the truth of the matter asserted.  Although few courts have considered the issue in any detail, the overwhelming majority of courts, including several panels of this Circuit, have concluded with little discussion that circumstantial evidence is not hearsay under the Federal Rules of Evidence.  Furthermore, academic and practical writings are in agreement that such evidence is not hearsay under the rules.
> . . . .
> Here the American Express receipt and the testimony about Exhibits 18 [rental receipt], 19 [rental receipt], 20 [money order receipt], 23 [rental car receipt], and 44 [money order receipts] were introduced only link various of the defendants together by the "circumstance" that documents bearing the names of certain defendants or the location of certain drug transactions were found in Vickie Hogg's possession.  That testimony did not depend upon the truth of the assertions contained in the documents, and consequently we

4

conclude such evidence was not hearsay as defined by Fed. R. Evid. 801.

997 F.2d at 702-04 (footnotes omitted).  The Tenth Circuit in one footnote

explained how the testimony about the receipts was being offered as circumstantial

evidence:

> It denotes evidence that is not introduced for the assertions contained therein or at least evidence where the party who introduces it does not rely on the assertions for the purposes for which they were made.  Rather the document is introduced for the inferences that may be drawn circumstantially from its existence or from where it is found, regardless of whether the assertions contained there are true or not.

997 F.2d at 702-03 n. 16.

To insure that the receipts are considered by the jury only for the non-hearsay purpose proposed by the government, the court grants the defendant's motion to exclude the actual exhibits.  The court may consider admitting testimony regarding locations and dates found on the receipts, but it takes the admissibility of such testimony under advisement in order to determine its relevancy within the context of the evidence offered at trial.

IT IS THEREFORE ORDERED that the defendant's motion in limine (Dk. 51) is granted insofar as the government's exhibits 4-9 and 11 are excluded from evidence.  The admissibility of testimony about these exhibits, as discussed above, is taken under advisement.

Dated this 9th day of August, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge